IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BEST MEDICAL INTERNATIONAL, )
INC. and BEST VASCULAR, INC. )
                              )
     Plaintiffs/              )
     Counter-Defendants       )
                              )
v.                            )   Civil Action No. 1:10-cv-617
                              )
ECKERT & ZIEGLER NUCLITEC     )
GmbH                          )
                              )
     Defendant/               )
     Counter-Plaintiff.       )

**MEMORANDUM OPINION**

This matter comes before the Court on remand from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") as to the attorneys' fees and costs previously awarded to Eckert & Ziegler Nuclitec GMBH ("EZN") by this Court. The Fourth Circuit affirmed this Court's grant of summary judgment on the merits and ruling that EZN was the prevailing party, but vacated the award of attorneys' fees and costs. The matter has been remanded with respect to the attorney's fees award in order for this Court to reevaluate EZN's claim for attorneys' fees in light of the Johnson factors. See Barber v Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th

1

Cir. 1974). EZN has also filed a Motion for Supplemental Attorneys' Fees and Expenses.

Best Medical International, Inc. and Best Vascular, Inc. (together "Best"), and QSA Global GmbH, EZN's predecessor, were parties to a Settlement Agreement dated April 16, 2008 that resolved certain disputes at issue in <u>QSA Global GmbH v. Best Medical International, Inc.</u>, No. 1:07CV408, ("first lawsuit") before the United States District Court for the Eastern District of Virginia. The Settlement Agreement provides, "In the event any litigation is brought for breach of this Agreement, the prevailing party shall be entitled to recover, in addition to any damages proved at trial, reasonable attorneys' fees and costs incurred in any such action." Best brought a lawsuit for breach of the Settlement Agreement as to the production line, breach of the Settlement Agreement as to the source train purchase and sought equitable estoppel. EZN counterclaimed alleging breach of the Settlement Agreement for failure to post a performance bond, breach of the Settlement Agreement for failure to perform D&D obligations and fraud based on promises with no intent to perform. After over a year of litigation, this Court, on September 7, 2011, entered a final order granting summary judgment to EZN on all counts of Best's Amended Complaint and Summary Judgment to Best as to all counts of Defendant's Counterclaim except for the fourth count regarding

declaratory relief which was found to be moot. In October 2011, Best filed their Notice of Appeal and EZN filed a Notice of Cross Appeal of the Court's order.

On October 10, 2011, the parties filed their respective Motions for Attorneys' Fees, each claiming to be the prevailing party. On January 6, 2012, the Court granted EZN's Motion for Attorneys' Fees and Expenses and entered judgment against Best for $584,735.08 in fees and $32,892.61 in nontaxable costs, making no reductions to the amounts requested by EZN.

On January 20, 2012, this Court denied Best's Motion to Alter or Amend Judgment for Attorneys' Fees and Costs, but granted Best's Motion to Stay pending disposition in the Fourth Circuit. Later, in a February 21, 2012 Order the stay was conditioned on Best posting a supersedeas bond or equivalent security in the amount of $620,000.00. Best's failure to post the full bond amount or other security for EZN's judgment was the source of extensive post judgment collection efforts and motions from January through June of 2012, including garnishment of a bank account and discovery to determine whether assets were available to satisfy the balance of the judgment. EZN eventually collected the full amount and Moran Reeves & Conn PC has held it in a trust account since.

On January 24, 2012, Best noticed its appeal of the Court's January 6, 2012 order awarding fees and nontaxable costs to EZN.

On January 22, 2013 the Fourth Circuit affirmed this Court's grant of summary judgment on the merits and its ruling that EZN was the prevailing party, vacated this Court's award of attorneys' fees and cost and remanded with respect to the award of attorneys' fees and costs. Best then moved to compel the return of the monies held in a trust account for EZN's attorneys, the motion was denied.

EZN also filed a Motion for Supplemental Attorneys' Fees and Expenses seeking to recoup legal fees and costs incurred since the October 2011, as the original attorneys' fees award covered fees and costs through September 30, 2011, and EZN has since continued to defend against Best's subsequent motions and appeal. EZN requests $286,679.41 in legal fees and $22,357.15 in expenses as a supplemental award. This Court has already found that Best breached the Settlement Agreement and the Fourth Circuit affirmed that finding. The appeal is part of the litigation over the breach of the Settlement Agreement. Thus, the only questioned to be determined by this Court is the amount of attorneys' fees and costs to award to EZN.

In deciding reasonable attorneys' fees, the Court must determine the lodestar amount by determining a reasonable hourly rate and reasonable hours expended for the work, it does so through consideration of the twelve factors enumerated in

4

Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Blum v. Stenson, 465 U.S. 886 (1984).

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974))

The lodestar amount is then determined by multiplying the reasonable hourly rate by the hours reasonably expended in the litigation effort. Robinson v. Equifax Info. Servs., LLC., 560 F.3d 235, 243 (4th Cir. 2009). After determining the lodestar figure, the "court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002). Finally, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success

enjoyed by the plaintiff. Id. Additionally, "[l]itigation expenses such as supplemental secretarial costs, copying, telephone costs and necessary travel, are integrally related to the work of an attorney" may also be awarded. Wheeler v. Durham City Bd. Of Educ., 585 F.2d 618, 623-24 (4th Cir. 1978)

The first Johnson factor involves the time and labor expended. In this matter EZN was represented by Christine Pollard ("Pollard") and a team of attorneys from the law firm of Moran Reeves & Conn PC ("MRC"). The MRC attorneys were not involved with the first lawsuit that resulted in the Settlement Agreement and had to become familiar with the facts and discovery in the previous litigation as well as the difficult subject matter. EZN was required to defend against Best's Motion for a Temporary Restraining Order and Motion for Preliminary Injunction before it had been served with Best's complaint, it was successful in defending those motions as well as a Motion to Dismiss EZN's counterclaims in the early stages of the litigation. Discovery in this matter was time consuming and almost all of the witnesses resided outside of this District. Further, the summary judgment hearing in early April came close to the April 25, 2011 set trial date and thus EZN's attorneys spent a reasonable number of hours preparing for a multi-day jury trial. Through September 30, 2011 attorneys for EZN expended a total of 2,561.60 hours on this case that have

6

been broken down with each activity documented in submissions to the Court.

Additionally, after the initial award of attorneys' fees Best filed over a dozen motions and accompanying memorandums which EZN was required to defend. Much time, effort, and money was spent attempting to collect the attorneys' fees award from Best. Best's resistance to providing a security for EZN's judgment required EZN's lawyers to be especially adept at methods of collecting a federal judgment. EZN was required to defend against two appeals, prosecute its cross appeal and continue to litigate over its right to collect judgment or obtain security for the judgment at the same time. This Court finds that because EZN has now spent over two years litigating this case and defending against various motions, because of extensive discovery, the need for pre-trial preparation, the lengthy and difficult judgment collection process, and the appeal, EZN's lawyers spent a reasonable number of hours working on this litigation and provided sufficient documentation of such. After October 2011, EZN's attorneys spent 1423.55 hours on this litigation. These hours are well documented, and reasonable for this case. This factor justifies the requested fee.

Regarding the novelty and difficulty of the issues, this matter arises out of a lawsuit brought by Best for breach of the

Settlement Agreement as to the production line, breach of the Settlement Agreement as to the source train purchase and equitable estoppel. EZN's counterclaims alleged breach of the Settlement Agreement for failure to post a performance bond, breach of the Settlement Agreement for failure to perform D&D obligations and fraud based on promises with no intent to perform. None of the causes of action raised novel or difficult issues and this was not a case of first impression, however MRC was not a part of the first lawsuit resulting in the Settlement Agreement and had to become familiar with various technical issues dealing with source trains, production lines etc in order to defend against Best's lawsuit. Therefore, this factor does not justify enhancement or reduction of the fee request.

With respect to the skill required to properly perform the legal services rendered, Ms. Pollard has 27 years of experience handling complex commercial cases and Mr. Lonas has 13 years of experience in complex business litigation and a significant appellate practice. This factor neither justifies an enhancement or reduction in the fee request.

As to the attorneys' opportunity costs in pressing the instant litigation, at the time EZN obtained its judgment for fees in January 2012 the MRC attorneys had already scheduled an 8-day jury trial beginning July 9, 2012, for one of their main clients. While working on pretrial motions for the case, MRC

attorneys were also attempting to obtain the judgment amount or a security from Best, and were engaged in discovery regarding Best's assets in the weeks leading up to trial. The MRC attorneys were required to redirect hours of attention to issues in this case during pretrial preparation for a significant case. This factor justifies the fee request.

Regarding the customary fee for like work, the parties do not dispute that the fees charged by MRC and Pollard are reasonable for this type of litigation in this geographic area. According to expert Sean Murphy's evaluation, the rates charged by MRC and Pollard are below the range of rates commanded by other lawyers of similar experience in similar cases. Mr. Lonas of MRC is an attorney with 12 years of litigation experience and Ms. Pollard has 26 years of experience. All of the MRC associates who worked on the case had been practicing law between one and three years. Over the course of this litigation the attorneys' hourly rates increased minimally and those changes have been sufficiently documented. Even the high end of the range of rates charged by EZN's attorneys are reasonable and below or within the range of market rates. This Court concludes that Mr. Lonas rates of $265-$290 per hour, his associates' rates of between $175 and $210 per hour, and Ms. Pollard's rates of $225-$300 per hour are reasonable and appropriate for this case in this area.

As to the attorneys' expectations at the outset of the litigation, the parties did not provide an indication of expectations at the outset of the litigation such as the fee quoted to the client or the percentage of the recovery agreed to. Therefore, this factor neither justifies an enhancement or reduction in the fee request.

With respect to the time limitations imposed by EZN or the circumstances, there is no evidence of specific time constraints. This factor neither justifies an enhancement or reduction in the fee request.

Regarding the amount in controversy and results obtained, Best's Amended Complaint did not include an ad damnum but Best sought the cost to replace the equipment line at issue in the first lawsuit, which Best's expert valued at over $8,000,000. There were additional damages alleged as well as equitable requests for a preliminary and permanent injunction. Best appealed the Court's dismissal of all of its legal claims, thus implicating the same amount. Though neither party obtained damages, the amount in controversy was substantial and EZN obtained favorable results on the merits throughout the litigation in this Court and at the Fourth Circuit as this Court's findings and conclusions of law and liability were affirmed. This factor justifies the fee request.

The ninth factor, regarding the experience, reputation, and ability of the attorneys, is neutral. The attorneys had the experience necessary to perform the legal tasks required by the case. However, this is not a case requiring specialized skill nor do the attorneys allege that this is their area of expertise or that they have a reputation for handling these cases. This factor neither justifies an enhancement or reduction in the fee request.

Regarding the undesirability of the case within the legal community in which the suit arose, there is nothing in particular about this case that made it undesirable within the Northern Virginia legal community, therefore this factor neither justifies an enhancement or a reduction of the fee request.

The nature and the length of the professional relationship between the attorney and the client. EZN was not a long-term client of MRC and MRC did not represent EZN in the first lawsuit. However, Pollard has represented EZN in various matters over a number of years. Therefore, this factor justifies Pollard's fee request, and neither justifies an enhancement or a reduction in EZN's fee request.

The last Johnson factor considers the attorneys' fees awarded in similar cases. Attorneys' fees awards in breach of contract cases vary greatly. In this District, awards have ranged from $84,500 to $1,139,843.60 and beyond. See Cynergy

11

Sys. V. Weaver Group, Inc., 2012 U.S. Dist. LEXIS 159103 (E.D. Va. 2012); see also Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship, 730 F. Supp. 2d 513, 531 (E.D. Va. 2010). EZN's fee request is not unreasonably large for a breach of contract case, as Best suggests. Larger awards have been granted in similar breach of contract cases. This factor justifies the fee request.

Up until September 30, 2011, attorneys for EZN expended a total of 2,561.60 hours on this case. The team of MRC attorneys expended a total of 1985.5 hours. Taking the Johnson factors into consideration, this Court finds the hourly fees and hours expended by MRC and Pollard to be reasonable. Mr. Lonas charged $265-$290 per hour, his associates charged $175-$210 per hour and legal assistants at MRC billed $130-$135 per hour. Thus, these numbers are multiplied by the reasonable number of hours expended, 2,561.60, and the result is a total of $425,271.93 as the lodestar figure for the initial award.

However, there are some necessary reductions to this figure. Reductions to this figure were voluntarily made for the non-core time keepers' hours which results in a $4,838 reduction, as well as time billed prior to the commencement of the lawsuit which amounts to $767.00 in fees. The lodestar was also voluntarily reduced by $5,611.54 for work related to EZN's fraud counterclaim. Time spent on a Motion to Compel that the

Magistrate Judge found untimely was also eliminated from the fee request resulting in a $2,855.50 reduction. Further, time spent by two associates, Jana P. Roemmiuch and Matthew J. Hundley accompanying Mr. Lonas to hearings were voluntarily deducted from the lodestar figure, resulting in a $6,123 reduction in the fee request.

This Court finds that a further reduction in EZN's initial fee request is not warranted as all of the claims made by Best and EZN, other than EZN's fraud counterclaim, were united by a common core of facts that focused on the Settlement Agreement and the duties and rights extending from it. EZN's counterclaims required no duplication over and above the effort to defend itself against the claims in this case, aside from aspects of the fraud counterclaim. The reductions amount to $20,195.04, and EZN's fee request for the time period prior to October 2011 for work done by the MRC attorneys amounts to $405,076.89 for approximately 1,752 hours on this case.

Pollard, a solo practitioner and EZN's co-lead counsel, expended a total of 878.25 hours on this case through September 30, 2011. Pollard charged $225 per hour which is a reasonable hourly rate as explained above, thus when multiplied the lodestar figure comes out to $197,718.75. Voluntarily deducted from this is $15,581.25 in fees generated by Pollard in connection with this case prior to the commencement of the

lawsuit, as well as fees associated with EZN's fraud counterclaim amounting to $2,198.06. Additionally, fees related to the untimely Motion to Compel amounting to $281.25 were voluntarily eliminated from the lodestar figure. Total deductions amount to $18,060.56. After deductions EZN requests a total fee of $179,658.19 for approximately 798 of the hours worked on this case by Pollard prior to October 2011.

Thus, for the period prior to October 2011, after reductions, EZN's total request for $584,735.08 in fees as initially awarded is justified. Additionally, EZN's submissions justify $32,892.61 for reasonable litigation costs for the work done on this case prior to October 2011.

EZN also requests a supplemental fee for the appeal and subsequent litigation connected with the breach of the Settlement Agreement, which spanned from the time period of October 2011 through January 2013. During that time period EZN's attorneys spent 1423.55 hours on this litigation, MRC worked 1189.3 hours and Pollard worked 234.25 hours. Based on the reasons previously stated in the discussion of the Johnson factors this is a reasonable number of hours. Pollard charged $225 up until February 2012, at which time her rate went up to $300 per hour. Mr. Lonas charged $265-$290 per hour and his associates charged $175-$210 per hour. Legal assistants at MRC billed $130-$135 per hour. Based on EZN's submissions the

reasonable hourly rates charged multiplied by the reasonable number of hours worked results in a total fee for the MRC attorneys of $261,446.50.

However, reductions are necessary for time related to EZN's cross-appeal, which garnered no additional relief from the court, including reduction in time spent preparing the notice of cross-appeal and the related docketing statement as well as deductions from fees spent on the opening and response brief. Additionally, all hours expended by MRC on EZN's 14-page reply brief which focused on the cross appeal were voluntarily eliminated from the fee request. Further, time spent in preparation for oral argument of the cross appeal was eliminated voluntarily, as well as hours spent on research and analysis specific to the cross appeal. The cross appeal deductions total $27,228.08, deductions for non-core timekeepers amount to $5,334.50. Hours billed by an MRC associate, Matthew J. Hundley, while accompanying Mr. Lonas to hearings were also voluntarily eliminated resulting in a $1365.00 reduction. EZN's supplemental fee request as to MRC's work, with reductions included, amounts to $227,518.92 as to the appeal. Reasonable expenses totaling $20,468.70 for the defense of the appeal are also properly documented and justified by the submissions.

Pollard's 234.25 hours multiplied by her reasonable hourly fee of $225 up until February 2012, and $300 thereafter, results

in a lodestar figure of $63,843.75. Reductions for time related to EZN's cross-appeal causes $1,537.50 to be subtracted from the figure and a decrease in the figure for time spent prepping for oral argument results in a $1,980.000 reduction. These reductions amount to $4,683.26 and Pollard's fee request totals $59,160.49 after reasonable reductions. Pollard also requests an additional $1,888.45 for reasonable litigation expenses and her submissions justify this amount.

This Court finds that a further reduction in EZN's supplemental fee request is not warranted as the appeal dealt with issues united by a common core of facts that focused on the Settlement Agreement and the duties and rights extending from it. Appropriate reductions were made with respect to the cross appeal.

EZN's request for attorneys' fees for this entire litigation in the total amount of $893,771.64 and expenses totaling $55,249.76 is the result of a reasonable number of hours worked and billed at a reasonable rate as the majority of the hours were spent defending the lawsuit and various accompanying motions filed by Best, and because MRC and Pollard charged reasonable billing rates and made the necessary reductions. This Court finds the hours expended and rate charged to be reasonable and properly documented by EZN and an appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
April 29, 2013